47 So.2d 705

## CRUMP v. STATE.

6 Div. 973.

Court of Appeals of Alabama.

Aug. 8, 1950.

Rehearing Denied Aug. 22, 1950.

Chas. E. Tweedy, Jr., and Jas. L. Beech, Jr., of Jasper, and Roderick Beddow, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The appellant was charged by the indictment with the offense of rape. Upon the trial he was convicted as charged and his punishment was fixed at imprisonment in the penitentiary for a period of ten years. Judgment of conviction accordingly was duly pronounced and entered, from which this appeal was taken.

The record in this case is voluminous, consisting of about three hundred type written pages on transcript paper. A large number of witnesses were examined during the trial and pending the trial there were innumerable objections interposed and exceptions reserved.

The defendant freely and voluntarily admitted that he had sexual intercourse with the alleged injured party, at the place and time in question, but as a defense, he insisted, and so testified, that it was with the consent of the woman, who testified that he raped her, and in her resistance that the defendant severely beat her and inflicted upon her many serious wounds and bruises.

This conflicting evidence presented a jury question, and a decision by the jury on this disputed fact, was the material, controlling, and conclusive question involved upon the trial of this case. On this question the learned trial judge, among other things, stated to the jury in its oral charge, "that an element in the offense of rape is that the act must be without the consent of the woman, it must be against her will. The court charges you that if there is consent, if there is willingness on the part of the woman then the offense is not rape. If the woman consents to the carnal knowledge or intercourse with the man the offense would not be rape, even if force was exercised and even if carnal knowledge was had. Of course, if a person is rendered unconscious so that they couldn't give consent, or couldn't express unwillingness then that would be lack of consent. Now you understand that all three elements must co-exist in order for the defendant to be convicted of the crime of rape. First there must be penetration, however slight; second there must be force used, either actual or constructive, and third the act must have been without the consent of the woman. If you are satisfied from the evidence beyond a reasonable doubt that these three elements did co-exist then you would find the defendant guilty of rape."

Able and earnest counsel for the defendant being cognizant and well aware of the extreme importance of the proposition of consent in this connection, in addition to the above-quoted portion of the court's oral charge, requested in writing the following special charges on the subject, as appears of record:

"15. If you believe from the evidence in this case that Bessie Bowman consented by word or actions to have intercourse with the defendant, then I charge you as a matter of law that you cannot convict the defendant under this indictment.

"Given
"Roy Mayhall, Judge

"16. If the jury believe from the evidence that the conduct of Bessie Bowman was such toward the defendant at the time of the alleged rape as to create in the mind of the defendant the honest and reasonable belief that she had consented or was willing for defendant to have sexual intercourse with her they must acquit the defendant

"Given
"Roy Mayhall, Judge

"19. If you believe from the evidence that the acts of the defendant at the time he placed his hands on the woman's person, if you believe that he did so place his hands upon her, were consistent with the theory that he intended to gratify his passions with her consent, then you can not find him guilty of Rape.

"Given
"Roy Mayhall, Judge

"23. If you believe from the evidence in this case that at any time before the act of penetration was completed on Bessie Bowman that her consent was yielded, this would relieve the offense of its felonious character, and you cannot convict the defendant.

"Given
"Roy Mayhall, Judge

"28. The court charges the jury that if you find from the evidence that the defendant had sexual intercourse with Bessie Bowman and that this was with her consent, expressly or implied, and that thereafter the defendant and Bessie Bowman had a fight, then the court charges the jury that you could not convict this defendant of rape no matter how serious the fight amounted to.

"Given
"Roy Mayhall, Judge

"29. The court charges the jury that if the defendant had commenced having sexual intercourse with Bessie Bowman and that this was done with her consent, either expressly or impliedly, and if while said act of sexual intercourse was being had between the defendant and said Bessie Bowman, the said Bessie Bowman started to resist and fight the defendant, then the court charges the jury that if such be the facts in this case you could not convict this defendant of rape.

"Given
"Roy Mayhall, Judge

"38. The court charges the jury that the humane provision of the law is that upon the evidence there should not be a conviction, unless, to the moral certainty, it excludes every reasonable hypothesis than that of the guilt of this defendant. No matter how strong may be the facts, if they can be reconciled with the theory that the said Bessie Bowman may have consented to the act of sexual intercourse with the defendant Crump then the guilt of the defendant is not shown by that full measure of proof that the law requires and you should find the defendant not guilty.

"Given
"Roy Mayhall, Judge

"39. The court charges the jury that if the conduct of Bessie Bowman on the occasion of this alleged rape, and immediately before, had led the defendant Crump to honestly believe that Bessie Bowman would permit the defendant Crump to have sexual intercourse with her, and if acting on this honest belief the defendant did have sexual intercourse with Bessie Bowman, and if the conduct of Bessie Bowman was such as to lead a reasonable prudent man into the belief that Bessie Bowman would permit or consent for defendant Crump to have sexual intercourse with her at said time and place, then the court charges the

jury that the defendant is not guilty of rape, and you should find him not guilty.

"Given

"Roy Mayhall, Judge

"40. The court charges the jury that Bessie Bowman could give her consent either expressly or impliedly to the defendant Crump to have sexual intercourse with her. The court further charges that if the conduct of Bessie Bowman was such on said occasion of said alleged rape as to imply to the defendant Crump that she would permit him to have sexual intercourse with her on said occasion, then the court charges the jury that if the defendant Crump acted on such honest belief that Bessie Bowman had impliedly consented for him to have sexual intercourse with her on said occasion, then the jury should find this defendant not guilty of rape, even though after the defendant Crump had penetrated the said Bessie Bowman with his private parts you may find that the defendant Crump assaulted and beat Bessie Bowman.

"Given

"Roy Mayhall, Judge"

The court also gave at the request of defendant a number of other special charges requested in writing. These given charges, in connection with the excellent oral charge of the court, fairly and substantially covered each of the refused charges, therefore there was no error in the refusal of said charges.

Evidence for the State tended to show that the alleged injured party arrived in Jasper, Alabama, on the afternoon in question about 3:30. Mrs. Bessie Bowman testified that she went to a certain used car lot in Jasper, Alabama, in search of a person named Crump for the purpose of obtaining from Crump a pistol owned by her husband. There were several Crumps in charge of the used car lot, and the defendant, W. O. Crump, Jr., was employed as a buyer for used cars. Upon her visit to the used car lot, she was told by one of the Crumps that they had no knowledge of the pistol. She then started toward the bus station in Jasper, Alabama, on foot, and after walking a short distance the defendant, W. O. Crump, Jr., overtook her in a car and stated to her that he knew where the pistol was, and would take her to it. After some hesitation she got in an automobile with the defendant, who started toward Birmingham and Cordova.

Mrs. Bowman further testified that she told defendant she had only twenty minutes to catch a bus in Jasper, and that she must return in a very short time. After leaving Jasper the defendant turned off on a road leading to Cordova, Alabama. After traveling about five miles he pulled up near a railroad underpass and on a side road. She testified that during the entire trip she pleaded with defendant to take her back to Jasper, and attempted to jump out of the automobile, but that defendant drove on faster and paid her no attention. She further testified that she did not become suspicious until he began driving the automobile at a faster rate of speed. After the car was stopped by the defendant near the underpass, she testified that she was forcibly ravished, and gave full particulars of how he beat her up and raped her.

During the course of the ravishing, State's witness, Handley, a stranger to both of the parties, on his way home, came through the underpass and saw a man and woman struggling near the automobile, and he testified that the woman was screaming for help. He, Handley, left the scene and went about one-quarter of a mile to a friend's house (Taylor), and both men returned to the scene with loaded shotguns. When these two men, Handley and Taylor, arrived at the underpass near the automobile the victim was running away from the parked automobile and toward Handley and Taylor. The woman was without shoes, was beaten and badly bruised. Defendant then left the automobile and came to where the prosecutrix, Handley, and Taylor were near the underpass, cursed Taylor and Handley, and told the woman to get back in the car, and said if you try to get out of there I will kill you G— D— you. She refused and he grabbed her by the arm and she hit him with one of her shoes she had in her hand. Hit him in the forehead and bloodied him. He hit her again and shoved her

in the car. There was much other evidence of like import as to what was said and done at that time, and defendant drove off in the car. When he was next seen he was in the car and stopped upon a bridge, where the officers took the dazed woman to the Sheriff's office, and carried the defendant back to the used car lot. He was arrested at his home that night and carried to the jail. He was there informed that the woman had been sent to a hospital. He asked what was wrong with her and being informed, he remarked "I hope the son of a bitch will die, I will get out of this a lot easier."

The defendant pleaded not guilty by reason of consent. Defendant offered testimony tending to show that the woman came to the used car lot at Jasper, Alabama, desiring to sell a used car belonging to her. Defendant's witnesses testified that the prosecutrix stated that the car was on the road near Cordova, Alabama, and that defendant, W. O. Crump, Jr., was given $500.00 by his brother in the presence of prosecutrix and at the used car lot, with instructions to purchase the car if it looked all right. Defendant claims that he and the woman started out in his car for the purpose of viewing her used car; that shortly after leaving Jasper toward Cordova, Alabama, the woman said she wanted a drink; that he had a drink, and stopped near a barbecue pit where they both took a drink after getting a coca cola. According to defendant, several other drinks were taken both by himself and the prosecutrix before they stopped near the underpass; and further, according to defendant, when they stopped near the underpass, the prosecutrix was the aggressor, and not defendant. Further, according to defendant, the fight in the car after the intercourse was due to the fact that prosecutrix wanted more money than defendant offered.

Pending the long trial of this case there were innumerable objections interposed, and exceptions reserved to the adverse rulings of the court.

We have carefully examined and considered the several propositions presented in the extensive and well-prepared briefs of counsel for appellant, and discover no error calculated to injuriously affect the substantial rights of appellant. We have also, as the law requires, considered all questions apparent on the record, and all those to which exceptions were reserved. No reversible error appears in any of these rulings. The trial judge in each of the rulings was careful to preserve the legal rights of the defendant.

As stated, in the outset, the case, as presented, rested solely upon questions of fact for the jury to determine. There was ample evidence to support the verdict of the jury and to sustain the judgment of conviction from which this appeal was taken.

Affirmed.